IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMON VASQUEZ, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 20-CV-2522 |
| : | |
| CITY OF READING, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS**                                                                                  July 1, 2020

       Plaintiff Ramon Vasquez, a prisoner currently incarcerated at the Berks County Jail, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 and Pennsylvania law against the City of Reading, Berks County, and Jonathan K. Del Collo, identified as the prothonotary of Berks County. Vasquez claims he was denied access to the courts when he did not receive notice that a case he filed in the Berks County Court of Common Pleas had been dismissed. Vasquez seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Vasquez leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim without prejudice to amendment.

**I.    FACTUAL ALLEGATIONS[1]**

       Vasquez alleges that while he was incarcerated at SCI – Somerset, he filed a civil rights complaint against several defendants in the Berks County Court of Common Pleas, which he subsequently amended. (ECF No. 2 at 4.) The defendants filed preliminary objections to Vasquez's amended complaint, to which Vasquez replied. (*Id.*)

---

[1] The following allegations are taken from the Complaint and exhibits attached to the Complaint. Vasquez provided duplicate copies of his Complaint and exhibits for service, which were docketed with the Complaint at ECF No. 2.

Vasquez was subsequently transferred to SCI – Huntingdon, so he contacted Defendant Del Collo to inform him of the change in address and to request an update on the status of the case. (*Id.*) In response, Vasquez received a letter from Del Collo confirming receipt of the notice of change of address. (*Id.*) It appears that the next day, March 23, 2018, the Judge presiding over Vasquez's case sustained the defendant's preliminary objections and dismissed the case. (*Id.* at 5.) According to Vasquez, he did not receive notice of the Judge's order at the time it was entered. (*Id.*)

Vasquez alleges that on April 19, 2018, he wrote to Del Collo inquiring about the status of his case. (*Id.*) On April 24, 2018, Del Collo sent Vasquez a copy of the docket, which reflected that the March 23, 2018 judgment was sent to Vasquez on March 26, 2018, even though he did not receive it. (*Id.*) Accordingly, Vasquez filed a motion to reinstate his appellate rights. (*Id.*)

The court initially granted Vasquez's motion. (*Id.*) According to Vasquez, he thereafter "abandoned" an appeal he filed in expectation of an evidentiary hearing "on his ability to appeal nunc pro tunc." (*Id.*) However, the trial court subsequently cancelled the hearing and denied Vasquez's motion. (*Id.*) Vasquez moved for reconsideration, which was also denied. (*Id.* at 6.) It appears Vasquez appealed the denial of that motion, and that the appellate court quashed the appeal. (*Id.* & Ex. 7.)

Based on those allegations, Vasquez claims that he was denied access to the courts because Del Collo "intentionally and unjustifiably impede[d]" his appellate rights by failing to send him notice of the court's order dismissing his case. (*Id.* at 6.) He also brings negligence and fraud claims against Del Collo, as well as negligence claims against the City of Reading and

Berks County based on respondeat superior. (*Id.* at 7.) Vasquez seeks a declaration that his rights were violated as well as compensatory and punitive damages. (*Id.* at 8.)

## II.   STANDARD OF REVIEW

The Court grants Vasquez leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Vasquez is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing

---

[2] However, as Vasquez is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III. DISCUSSION

#### A. Section 1983 Claim

Vasquez brings a claim under § 1983 for denial of access to the courts. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415.

Here, Vasquez has not alleged that he lost the opportunity to pursue a nonfrivolous or arguable claims because he has not described the claims he lost. *See, e.g.*, *Monroe*, 536 F.3d at 206 (plaintiffs' allegations that "defendants confiscated their legal materials" and that "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim). Even assuming that "merely being deprived of appellate review" is a sufficient injury for purposes of

4

the analysis, Vasquez has not alleged any facts suggesting that his non-receipt of the order dismissing his case amounted to anything more than negligence.[3] *Turner v. Donnelly*, 156 F. App'x 481, 483-84 (3d Cir. 2005) (per curiam) (litigant failed to state denial of access claim when his allegations "suggest[ed] little more than a failure to exercise reasonable care in the processing of his mis-captioned and mis-directed notice of appeal"); *see also Tucker v. I'Jama*, 361 F. App'x 405, 408 (3d Cir. 2010) (per curiam) (explaining that negligent conduct "is an insufficient basis for liability on a denial of access claim under 42 U.S.C. § 1983"). Accordingly, Vasquez has not stated a denial of access claim against Del Collo, so the Court will dismiss this claim.[4] *See generally Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)).

    **B.**    **State Claims**

Vasquez's remaining claims arise under Pennsylvania law. However, 28 U.S.C. § 1332(a) provides the only independent basis for this Court's jurisdiction over those claims.[5] That provision grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

---

[3] Vasquez's conclusory allegation that Del Collo acted "intentionally" is wholly unsupported by factual allegations. (ECF No. 2 at 6.)

[4] The Court understands the Complaint to raise the denial of access claim only against Defendant Del Collo. In the event Vasquez also intended to assert this claim against Defendants City of Reading and Berks County, any claims against those Defendants fail for the additional reason that Vasquez does not allege that a municipal policy or custom of those entities led to the claimed constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).

[5] The Court will not exercise supplemental jurisdiction over those claims, having dismissed Vasquez's only federal claim.

. . . citizens of different States." An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). The Complaint suggests that Vasquez and all the Defendants are Pennsylvania citizens. Accordingly, diversity is lacking and these claims will be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Vasquez's federal claims for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and his state claims for lack of subject matter jurisdiction. The dismissal is without prejudice to Vasquez filing an amended complaint. An appropriate Order follows, which provides further instruction as to amendment.

                                         **BY THE COURT:**

                                         **/s/ Jeffrey L. Schmehl**
                                         **JEFFREY L. SCHMEHL, J.**