# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMON VASQUEZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-2522 |
| | : | |
| CITY OF READING, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                        **JANUARY 27, 2021**

      Currently before the Court is an Amended Complaint filed by plaintiff Ramon Vasquez, a prisoner currently incarcerated at SCI-Huntingdon, pursuant to 42 U.S.C. § 1983 and Pennsylvania law against the City of Reading, Berks County, and Jonathan K. Del Collo, identified as the prothonotary of the Berks County Court of Common Pleas. For the following reasons, the Court will dismiss Vasquez's Amended Complaint.

## I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

      Vasquez initiated this civil action by way of a Complaint alleging that the Defendants denied him access to the courts and committed various torts because Vasquez did not receive notice that a case he filed in the Berks County Court of Common Pleas had been dismissed, which affected his appellate rights. In a July 1, 2020 Memorandum and Order, the Court granted Vasquez leave to proceed *in forma pauperis* and dismissed his Complaint. (ECF Nos. 6 & 7.) The Court dismissed Vasquez's § 1983 claim for denial of access to the courts because he failed to allege that he lost the opportunity to pursue nonfrivolous or arguable claims "because he ha[d]

---

[1] The following allegations are taken from the Amended Complaint and exhibits attached to the Amended Complaint.

1

not described the claims he lost." *Vasquez v. City of Reading*, Civ. A. No. 20-2522, 2020 WL 3574546, at *2 (E.D. Pa. July 1, 2020).  The Court also concluded that, "[e]ven assuming that merely being deprived of appellate review is a sufficient injury for purposes of the analysis, Vasquez ha[d] not alleged any facts suggesting that his non-receipt of the order dismissing his case amounted to anything more than negligence." *Id.*  Having dismissed Vasquez's federal claims, the Court dismissed his state law claims for lack of subject matter jurisdiction. *Id.* at *3.  However, the Court gave Vasquez leave to amend in the event he could cure the defects in his Complaint. *Id.*

After some confusion caused by processing delays associated with the COVID-19 pandemic[2] and the grant of an extension of time, Vasquez submitted his Amended Complaint, which is based on essentially the same allegations as his initial Complaint with additional allegations about subsequent developments in his underlying case in state court.  As in his initial Complaint, Vasquez alleges that, while he was incarcerated at SCI-Somerset, he filed a civil rights complaint against several defendants in the Berks County Court of Common Pleas.  (ECF No. 16 at 3.)[3]  Vasquez describes that complaint as "centered on a 'conditions of confinement' claim against several institutional personnel inside the Berks County Jail." (*Id.*)   Vasquez amended his complaint and the defendants filed preliminary objections, to which Vasquez replied. (*Id.*)

Vasquez was subsequently transferred to SCI-Huntingdon, so he contacted Defendant Del Collo to inform him of the change in address and to request an update on the status of the case. (*Id.*)  In response, Del Collo sent Vasquez a copy of the record on March 22, 2018, which

---

[2] The confusion is explained in further detail in the Court's September 25, 2020 Order.  (ECF No. 11.)

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

showed Vasquez's updated address.  (*Id.*)  The next day, the Judge presiding over Vasquez's case sustained the defendant's preliminary objections and dismissed the case.  (*Id.* at 4.)  Vasquez alleges that he did not receive notice of the Judge's order at the time it was entered.  (*Id.*)  He claims that Del Collo deliberately did not send him the order and "misrepresented the record to read that notice was sent March 26, 2018."  (*Id.*)

Vasquez subsequently wrote to Del Collo inquiring about the status of his case.  (*Id.*)  Del Collo sent Vasquez a copy of the docket, which reflected the dismissal of Vasquez's case, but Del Collo did not take any other action.  (*Id.*)  Upon learning of the dismissal, Vasquez filed a motion to reinstate his appellate rights in which he alleged that he had not received notice of the dismissal order; he also filed a notice of appeal.  (*Id.*) Additional proceedings transpired regarding whether Vasquez was entitled to file his appeal out of time.  (*Id.* at 5.)  On July 30, 2020, the Pennsylvania Commonwealth Court remanded Vazquez's case for an evidentiary hearing to determine whether Vasquez had received notice of the order dismissing his case.  (*Id.* at 5 & Ex. A.)  After holding the evidentiary hearing, the Court of Common Pleas concluded that Vasquez had not been served with notice of the court's dismissal order and that he should therefore be permitted to pursue his appeal.  (*Id.* at 5.)  Vasquez's appeal is currently pending before the Commonwealth Court.  *See Vasquez v. Berks Cty.*, 1011 CD 2020 (Commw. Ct.).

Vasquez claims Del Collo denied him access to the courts and engaged in tortious conduct by failing to serve him with the dismissal order and failing to correct the record on that point, thereby prolonging the litigation of the case. (ECF No. 16 at 6.)  Vasquez's claims against the City of Reading and Berks County are based on those entities' alleged failures in allowing this situation to have happened, even though Del Collo is an elected official of the County of

Berks, which is a state entity. (*Id.*) Vasquez seeks a declaration that his rights were violated as well as compensatory and punitive damages. (*Id.* at 7-8.)

## II.   STANDARD OF REVIEW

As Vasquez is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Vasquez is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.   DISCUSSION

### A.   Section 1983 Claim

Vasquez has not stated a claim under § 1983 for denial of access to the courts. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' — that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415.

The Amended Complaint does not adequately allege that Vasquez lost the ability to pursue a nonfrivolous claim. Vasquez has not meaningfully described the claims he lost. His general description that those claims challenged the conditions of his confinement and his representation that these claims were not frivolous are insufficient to render his allegations plausible. *See, e.g.*, *Monroe*, 536 F.3d at 206 (plaintiffs' allegations that "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim); *see also Talley v. Varner*, 786 F. App'x 326, 328 (3d Cir. 2019) (per curiam) (no denial of access to the courts where inmate "failed to allege what underlying nonfrivolous claims he was unable to pursue due to [a] two-week delay" caused by the defendants). Additionally, it is apparent that Vasquez had another remedy for the allegedly lost claims aside from this lawsuit, namely, the ability to use state court procedures to correct the error, which he did successfully. Since Vasquez's appeal is now proceeding in state appellate court, no claims were in fact lost due to Dell Collo's alleged

failure to timely send Vasquez notice of the state court's order.  Accordingly, Vasquez's claim for denial of access to the courts is not plausible.  *See Ross v. Clerk of Courts of the Court of Common Pleas of Philadelphia, Pa.*, Civ. A. No. 17-5012, 2017 WL 5505013, at *3 (E.D. Pa. Nov. 15, 2017) (inmate could not state a claim for denial of access to the courts when his petition for allowance of appeal was still pending before the Supreme Court of Pennsylvania), *aff'd on other grounds*, 726 F. App'x 864 (3d Cir. 2018) (per curiam); *Frazier v. City of Phila.*, Civ. A. No. 17-3741, 2017 WL 3749777, at *2 (E.D. Pa. Aug. 29, 2017) (dismissing complaint raising access to the courts claim because plaintiff could have filed a motion to reopen the time to appeal pursuant to Rule 4(a)(6) of the Federal Rules of Civil Procedure).

  **B.** **State Claims**

  Vasquez's remaining claims arise under Pennsylvania law.  However, 28 U.S.C. § 1332(a) provides the only independent basis for this Court's jurisdiction over those claims.[4]  That provision grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  The Complaint suggests that Vasquez and all the Defendants are Pennsylvania citizens.  Accordingly, diversity is lacking, and these claims will be dismissed for lack of subject matter jurisdiction.

---

[4] The Court will not exercise supplemental jurisdiction over those claims, having dismissed Vasquez's only federal claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Vasquez's denial of access to the courts claim for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and will dismiss his state claims for lack of subject matter jurisdiction.  The Court concludes that further attempts at amendment would be futile, so Vasquez will not be permitted to file a second amended complaint.  An appropriate Order follows, dismissing this case.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**
